DocuSign Envelope ID: BFDDB768-A2BB-4496-BAEC-67B6DA3FF1D5

1  Catherine Cabalo (CA Bar No. 248198)
2  Peiffer Wolf Carr Kane Conway & Wise, LLP
   4 Embarcadero Center, 14th Floor
3  San Francisco, CA 94111
   Telephone: 415.766.3592
4  Facsimile: 415.402.0058
   Email: ccabalo@peifferwolf.com
5
6  *Attorneys for Plaintiffs*
   *Abdul Nevarez and Priscilla Nevarez*
7
8  * Attorneys for Defendants listed after the caption.
9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12  ABDUL NEVAREZ and PRISCILLA          )   Case No.  4:20-cv-08302-JST
13  NEVAREZ,                             )   <u>Civil Rights</u>
                        Plaintiffs,      )
14           v.                          )
                                         )   CONSENT DECREE AND [PROPOSED]
15  CITY OF ALAMEDA; GREENWAY GOLF       )   ORDER BETWEEN PLAINTIFFS, CITY
    ASSOCIATES, INC. dba CORICA PARK     )   OF ALAMEDA, AND DIALEMI, INC.
16  GOLF COURSE; DIALEMI, INC. dba JIM'S )   ONLY
    ON THE COURSE,                       )
17                                       )   Complaint Filed: November 24, 2020
18                                       )   Trial Date:  Not assigned
                        Defendants.      )
19  _____

20  Elizabeth A. Mackenzie (CA Bar No. 202010)
    City of Alameda
21  Chief Assistant City Attorney
    2263 Santa Clara Avenue, #280
22  Alameda, CA 94501
    Telephone: 510.747.4763
23  Email: emackenzie@alamedacityattorney.org

24  *Attorneys for Defendant*
    *City of Alameda*
25
    David E. Goldman (CA Bar No. 76551)
26  Fennemore Wendel
    1111 Broadway, 24th Floor
27  Oakland, CA 94607
    Telephone: 510.834.6600
28
                                    1

CONSENT DECREE AND [PROPOSED] ORDER BETWEEN PLAINTIFFS, CITY OF ALAMEDA, &
DIALEMI, INC. ONLY
CASE NO: 4:20-cv-08302-JST
28180293.1/520744.0003

Facsimile: 510.834.1928
Email: dgoldman@fennemorelaw.com

*Attorneys for Defendant*
*Dialemi, Inc. dba Jim's on the Course*

1.      Plaintiffs Abdul Nevarez and Priscilla Nevarez (together "Plaintiffs") filed a Complaint in this action on November 24, 2020 for injunctive and declaratory relief, damages, and other restitution for their alleged discriminatory experiences, denial of access, and denial of civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against defendant City of Alameda (the "City"), in connection with or arising out of the condition of Corica Park Golf Course, located at or about 1 Clubhouse Memorial Road, Alameda, CA, and related properties and buildings (the "Course") as of October 26, 2019 and continuing. On March 14, 2022, Plaintiffs amended their Complaint ("Amended Complaint") to add Greenway Golf Associates, Inc. dba Corica Park Golf Course ("Greenway"), and Dialemi, Inc. dba Jim's on the Course ("Dialemi") as defendants. Greenway manages the Course and Dialemi owns and operates the restaurant at the Course ("Jim's on the Course").

2.      Plaintiffs have alleged that the City violated Title II of the ADA, Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), and California's Unruh Civil Rights Act ("Unruh"), and that Greenway and Dialemi violated Title III of the ADA and Unruh by failing to provide full and equal access to the disabled at the Course. The City and Dialemi together will be referred to as "Defendants."

3.      On or about July 15, 2022, Plaintiffs also filed a claim against the City alleging violations of the ADA, the Rehabilitation Act, and Unruh allegedly based on various visits to the Course and Jim's on the Course ("the 2022 Claim").

CONSENT DECREE AND [PROPOSED] ORDER BETWEEN PLAINTIFFS, CITY OF ALAMEDA, &
DIALEMI, INC. ONLY
CASE NO: 4:20-cv-08302-JST
28180293.1/520744.0003

4.      Plaintiffs and Defendants (together the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving all issues in the Amended Complaint between them without admission of liability or responsibility, and without the need for protracted litigation. Plaintiffs and Greenway previously entered into a separate consent decree and order. Greenway is not a party to this Consent Decree and Order.

**JURISDICTION:**

5.      The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of Unruh.

6.      To avoid the costs, expense, and uncertainty of litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims and causes of action raised in the Amended Complaint. Nothing in this Consent Decree and Order should be considered an admission of liability by either Defendant; liability is expressly disclaimed. Accordingly, the Parties agree to the entry of this Consent Decree and Order without trial or further adjudication of any issues of fact or law concerning all Plaintiffs' claims.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

7.      This Order shall be a full, complete, and final disposition and settlement of Plaintiffs' injunctive relief claims against Defendants that have arisen or could have arisen out of the subject Amended Complaint and the 2022 Claim.

8.      **Remedial Measures:** Each Defendant separately agrees to create or complete, and

3

thereafter maintain, the following remedial measures, as expressly provided:

    a.    **Physical Barrier Removal**:

        i.  Attached to this Consent Decree and Order as **Attachment A** is a detailed description of the physical barriers attributable to the City, which the City agrees to remove or remediate by June 30, 2024.

        ii.  Attached to this Consent Decree and Order as **Attachment B** is a detailed description of the physical barriers attributable to Dialemi, which have already been removed or remediated, or which Dialemi agrees to remove or remediate, along with deadlines for completion of each.

    b.    **Policy Changes**: Attached to this Consent Decree and Order as **Attachment C** is a detailed description of the policy changes attributable to each Defendant, which each Defendant agrees to implement, along with deadlines for implementation of each policy.

    c.    **Delay or impossibility**: Plaintiffs acknowledge that if any of the remedial measures set forth above in paragraphs 8(a-b) and **Attachments A, B, & C** are rendered impossible by force majeure or any action, delay, denial, or other restriction imposed by any governmental, quasi-governmental agency, authority, board, body, department, commission, bureau or official, or third party which is not under Defendants' control, Defendants will not be deemed to have violated this Consent Decree and Order, so long as Defendants make a good faith effort to secure the necessary approvals, permits, or explore alternative measures that would resolve the issue or issues causing delay or impossibility. The Parties further agree that any delays in complying with the terms of paragraphs 8(a-b) and **Attachments A, B, & C** caused by third parties will not be deemed to violate the compliance date set forth herein as long as Defendants make a good faith

4

effort at implementation as soon as reasonably possible thereafter.

        d.    **Compliance:** Defendants or their counsel will notify Plaintiffs' counsel when Defendants have completed the injunctive relief terms described above in paragraphs 8(a-b) and **Attachments A, B, & C**. If unforeseen difficulties prevent Defendants from completing any of the injunctive relief terms described above in paragraphs 8(a-b) or **Attachments A, B, & C** the responsible Defendant or its counsel will notify Plaintiffs' counsel in writing within ten (10) business days of discovering the delay. Plaintiffs will have twenty (20) business days to investigate, meet and confer with the Defendant or its legal counsel if necessary, and approve the delay by stipulation or otherwise respond to the Defendant's notice. If Plaintiffs and the responsible Defendant cannot reach agreement regarding the delay within an additional twenty (20) days, Plaintiffs and the responsible Defendant will seek interpretation, and/or enforcement of this Consent Decree and/or approval of the delay by Robert Pohls, and reserve the right to seek reasonable attorneys' fees (to be awarded to the prevailing party) also through Mr. Pohls for any legal work directly related to this matter (not including the reasons for delay or nonperformance set forth in Section 8(c) to abide by this Consent Decree and Order). If Mr. Pohls is unavailable, disputes may be submitted to the Court.

        e.    **Notices/Status Reports:** In addition to the notice requirements described above in paragraph 8(d), each Defendant or their counsel will provide a status report to Plaintiffs' counsel no later than 90 days from the approval of this Consent Decree and Order by the Court and again every 120 days thereafter until the work described above and in **Attachments A, B, & C** has been completed. Notices to Plaintiffs shall be made to their counsel via email to ccabalo@peifferwolf.com. Notices to Defendants shall be made to their counsel via email to the following:

5

        i.   The City: Elizabeth Mackenzie at

cityattorney@alamedacityattorney.org; and

      ii.   Dialemi: David Goldman at dgoldman@fennemorelaw.com and Mark

Epstein at mepstein@fennemorelaw.com.

**DAMAGES:**

9.      This Order shall be a full, complete, and final disposition and settlement of Plaintiffs' damages claims against Defendants that have arisen or could have arisen out of the subject Amended Complaint and the 2022 Claim.

10.    In settlement of Plaintiffs' alleged civil rights and personal injury damages, Dialemi will deliver a check or checks totaling six thousand dollars and zero cents ($6,000) to Plaintiffs' counsel, as detailed below in paragraph 12.

11.    The City shall not pay any amount to Plaintiffs to settle any of Plaintiffs' alleged civil rights and personal injury claims as described in the Amended Complaint or the 2022 Claim.

12.    The damages settlement check described above in paragraph 10 shall be:

    a.  made payable to "Peiffer Wolf Carr Kane Conway & Wise" following Defendants' receipt of such W-9 form, (or the specific entity listed on Plaintiffs' Counsel's W-9 form); and

    b.  paid by wire transfer as described in **Attachment D**, which will not be filed with the Court, within ten (10) days after the City Council for the City approves this Consent Decree and Order, and the Plaintiffs sign the Consent Decree and email it to counsel for Dialemi and the City.

**ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

13.    This Order shall be a full, complete, and final disposition and settlement of

6

Plaintiffs' claims for attorneys' fees, litigation expenses, and costs against Defendants that have arisen or could have arisen out out of the subject Amended Complaint and the 2022 Claim.

14.     In settlement of Plaintiff's attorneys' fees, litigation expenses, and costs, and following Dialemi's receipt of a W-9 form from Peiffer Wolf Carr Kane Conway & Wise (or the specific entity listed on Plaintiffs' Counsel's W-9 form), Dialemi will wire transfer a total of fifteen thousand dollars and zero cents ($15,000) to Plaintiffs' counsel, as described in **Attachment D**. The payment described in this paragraph shall be made in full by April 30, 2023.

15.     In settlement of Plaintiff's attorneys' fees, litigation expenses, and costs, the City will pay a total thirty-one thousand, one hundred eighty-three dollars and eight cents ($31,183.08 ~~$31,183.00~~) to Plaintiffs' counsel, via check or wire transfer, as detailed below in paragraphs 16 and 17.

16.     The settlement check(s) described above in paragraph 15 shall be made payable to "Peiffer Wolf Carr Kane Conway & Wise" following Defendants' receipt of such W-9 form, (or the specific entity listed on Plaintiffs' Counsel's W-9 form).

17.     Any settlement check(s) from the City described above in paragraph 15 shall be delivered within fourteen (14) days of the City Council's approval and the full execution of this Consent Decree and Proposed Order to:

> Peiffer Wolf Carr Kane Conway & Wise
>
> ATTN: Jason Peiffer
>
> 1519 Robert C. Blakes Sr. Drive,
>
> New Orleans, LA 70130.

Alternatively, the settlement amount described in paragraph 15 may be wire transferred as described in **Attachment D**. If the City chooses a wire transfer, the transfer must be completed within fourteen (14) days of the City Council's approval of this Consent Decree and Proposed

7

Order.

**ENTIRE CONSENT DECREE AND ORDER:**

18.     This Consent Decree and Order and **Attachments A, B, C, & D** constitute the entire agreement between the signing Parties as to all claims between them, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein. There are no intended third-party beneficiaries to this Agreement other than those expressly set forth in this Agreement.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

19.     This Consent Decree and Order and **Attachments A, B, C, & D** shall be binding on the Parties and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CALIFORNIA CIVIL CODE SECTION 1542:**

20.     Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Amended Complaint or the 2022 Claim that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further claims or losses that

DocuSign Envelope ID: BFDDB768-A2BB-4496-BAEC-67B6DA3EF1D5

they may have against each other, including the allegations in the Amended Complaint or the 2022 Claim. Therefore, except for the obligations identified and required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree and Order that they now have, or at any time heretofore ever had, or could have had, against each other, related in any way to the allegations in the Amended Complaint or the 2022 Claim , whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASE PARTY.**

21.     Except for the obligations identified and required in this Consent Decree and Order,

    a.     Plaintiffs, for themselves and on behalf of their respective agents, representatives, predecessors, successors, heirs, partners, attorneys, and assigns, release and forever discharge the City and Dialemi, and all their officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, that Plaintiffs now have, or at any time heretofore ever had, or could have had, against the City and Dialemi as of the date of their signature on this Consent

9

Decree and Order, including but not limited to the allegations in the Amended Complaint or the 2022 Claim.

b.   The City and Dialemi, for themselves and on behalf of their respective officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives, release and forever discharge Plaintiffs and their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, that the City or Dialemi now have, or at any time heretofore ever had, or could have had, against Plaintiffs as of the date of their respective signatures on this Consent Decree and Order, including but not limited to the allegations in the Amended Complaint or the 2022 Claim.

c.   Plaintiffs covenant not to sue the City or Dialemi for any claims arising during the remediation period as described in **Attachments A, B, C, & D**. This covenant not to sue applies only to claims that are related to the Course or Jim's on the Course. Plaintiffs warrant that they have not filed any complaint, claim or charge against the City or Dialemi with any local, state or federal agency or court other than as disclosed in this Consent Decree. Plaintiffs agree that, if any such agency or court assumes the prosecution or jurisdiction of any complaint or charge against the City or Dialemi that is prohibited by this Consent Decree, Plaintiffs will immediately dismiss the complaint or charge and/or will immediately request such agency or court to dismiss and withdraw

10

from the matter, and Plaintiffs will not support the effort of anyone else or any entity that might file an action against the City or Dialemi during the remediation period as described in **Attachments A**, **B**, **C, & D**. In the event Plaintiffs fail or refuse to undertake their obligations, Plaintiffs agree that this Consent Decree shall operate to effectuate his/their dismissal or withdrawal of such complaint, charge, or claim.

d.  Dialemi and the City release and forever discharge each other and their respective officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Amended Complaint or the 2022 Claim.

**TERM OF THE CONSENT DECREE AND ORDER:**

22.  This Consent Decree and Order and **Attachments A, B, C, & D** shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order -- for a period of eighteen months after the date of entry of this Consent Decree and Order by the Court, or until all injunctive relief described above in paragraphs 6(a-c) and in **Attachments A, B, C, & D** is completed and Plaintiffs are notified of such completion, whichever occurs later.

**SEVERABILITY:**

23.  If any term of this Consent Decree and Order or either of the attachments is determined by any court to be unenforceable, the other terms of this Consent Decree and Order

11

shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

24.     Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

DocuSign Envelope ID: BFDDB768-A2BB-4496-BAFC-67B6DA3EF1D5

Dated: 1/30/2023 _____, 2023

PLAINTIFF ABDUL NEVAREZ

*Abdul Nevarez*
26410C0EAACC4B9...

ABDUL NEVAREZ

Dated: 1/30/2023 _____, 2023

PLAINTIFF PRISCILLA NEVAREZ

*Priscilla Nevarez*
22370D3E34D44BF...

PRISCILLA NEVAREZ

Dated: 1/31/2023 _____, 2023

DEFENDANT CITY OF ALAMEDA

By: *Yibin Shen*
F3BAE55BE54D445...

Print Name:  Yibin Shen

Title:  City Attorney

Dated: 2/3/2023 _____, 2023

DEFENDANT DIALEMI, INC.

By: *Tom Geanekos*
776AEF0E2A4A4A7

Print Name:  Tom Geanekos

Title:  President

APPROVED AS TO FORM:

Dated: 2/6/2023 _____, 2023

PEIFFER WOLF CARR KANE CONWAY & WISE, LLP

By: *Catherine Cabalo*
202723BBE40A43A

Catherine Cabalo
Attorneys for Plaintiffs
ABDUL NEVAREZ and PRISCILLA NEVAREZ

13

CONSENT DECREE AND [PROPOSED] ORDER BETWEEN PLAINTIFFS, CITY OF ALAMEDA, & DIALEMI, INC. ONLY
CASE NO: 4:20-cv-08302-JST
28180293.1/520744.0003

Dated: 1/31/2023 , 2023

CITY ATTORNEY, CITY OF ALAMEDA

By: _Elizabeth Mackenzie_
    —2753DA3A4204469...
    Elizabeth A. Mackenzie
    Attorney for Defendant
    CITY OF ALAMEDA

Dated: 2/3/2023 , 2023

FENNEMORE WENDEL

By: _David Goldman_
    —9C8F083B78164AB...
    David E. Goldman
    Attorney for Defendant
    DIALEMI, INC.

## FILER'S ATTESTATION

Pursuant to Local Rule 5-1, I hereby attest that on 1/31 & 2/3 , 2023, I, Catherine Cabalo, attorney with Peiffer Wolf Carr Kane Conway & Wise, LLP, received the concurrence of Elizabeth A. Mackenzie and David E. Goldman in the filing of this document.

_Catherine Cabalo_
—202723BBE40A43A...
Catherine Cabalo

## ORDER

Pursuant to the stipulation of the Parties, and for good cause shown, **IT IS SO ORDERED**.

DATED: _February 8_ , 2023

_Jon S. Tigar_
The Honorable Jon S. Tigar
UNITED STATES DISTRICT JUDGE

14

**ATTACHMENT A**

**Attachment A to Consent Decree & [Proposed] Order (City of Alameda Physical Barrier Removal)**
*Nevarez v. City of Alameda, et al.*
**N.D. Cal. Case No. 4:20-cv-08302-JST**
* Item Numbers start at #163

| * | BARRIER | PHOTO; CURRENT SITUATION | PROPOSED SOLUTION | SPEC/SKETCH, IF APPLICABLE | AGREED WORK |
|---|---------|--------------------------|-------------------|----------------------------|-------------|
| **ACCESSIBLE PARKING** | | | | | |
| 163 | The required tow-away sign(s) are not provided at all vehicle entrances to the parking lot. |  | Provide the required tow away sign(s) with the reclaim information at each vehicle entrance to the parking lot. | LINK  | Provide the required tow away sign(s) with the reclaim information at each vehicle entrance to the parking lot. |
| **ACCESSIBLE PARKING NEAREST THE GOLF PRO SHOP** | | | | | |
| 164 | The slope of the accessible parking spaces and the access aisles serving them exceeds 1:48 (2.1%); measured up to 3.2%. |  | Modify the asphalt paving per the BKF design drawings to provide a slope not more than 1:48 (2.1%). | LINK  | Modify the asphalt paving per the BKF design drawings to provide a slope not more than 1:48 (2.1%). |
| **ACCESSIBLE PARKING VAPS1, APS2, VAPS3, & APS4** | | | | | |
| 165 | The slope of the accessible parking spaces and the access aisles serving them exceeds 1:48 (2.1%); measured up to 3.5% |  | Modify the asphalt paving per the BKF design drawings to provide a slope not more than 1:48 (2.1%). | LINK  | Modify the asphalt paving per the BKF design drawings to provide a slope not more than 1:48 (2.1%).<br><br>There is a catch basin in this parking space. We can remove or relocate based on the parking calculation on Attachment A.2. |

**Attachment A to Consent Decree & [Proposed] Order (City of Alameda Physical Barrier Removal)**
*Nevarez v. City of Alameda, et al.*
**N.D. Cal. Case No. 4:20-cv-08302-JST**
* Item Numbers start at #163

| * | BARRIER | PHOTO; CURRENT SITUATION | PROPOSED SOLUTION | SPEC/SKETCH, IF APPLICABLE | AGREED WORK |
|---|---|---|---|---|---|
| 166 | The slope of the cross walk exceeds 1:20 (5%); measured at 6.7%. |  | Modify the asphalt paving per the BKF design drawings to provide a slope not more than 1:48 (2.1%). | LINK  | Modify the asphalt paving per the BKF design drawings to provide a slope not more than 1:48 (2.1%). |
| 167 | There is a sewer utility box with a lid that is not level with the adjacent paving surface; the change in level is 7/8". |  | Modify the asphalt paving per the BKF design drawings to provide a slope not more than 1:48 (2.1%). | LINK  | Modify the asphalt paving per the BKF design drawings to provide a slope not more than 1:48 (2.1%). |
| ACCESSIBLE PARKING APS5, APS6, APS7, VAPS8, & APS9 | | | | | |
| 168 | The slope of the accessible parking spaces and the access aisles serving them exceeds 1:48 (2.1%); measured up to 7.1%. |  | Modify the asphalt paving per the BKF design drawings to provide a slope not more than 1:48 (2.1%). | LINK  | Modify the asphalt paving per the BKF design drawings to provide a slope not more than 1:48 (2.1%).<br><br>There is a catch basin in this parking space. We can remove or relocate based on the parking calculation on Attachment A.2. |
| 169 | The drain grate has elongated openings with the narrowest dimension more than 1/2"; measured at 7/8". The slope to the drain exceeds 1:46 (2.1%); measured at 3.6%. |  | Modify the asphalt paving per the BKF design drawings to provide a slope not more than 1:48 (2.1%). Replace the drain grate. | LINK: ADA proof grating  | Modify the asphalt paving per the BKF design drawings to provide a slope not more than 1:48 (2.1%). Replace the drain grate. |

**Attachment A to Consent Decree & [Proposed] Order (City of Alameda Physical Barrier Removal)**
*Nevarez v. City of Alameda, et al.*
**N.D. Cal. Case No. 4:20-cv-08302-JST**
* Item Numbers start at #163

| * | BARRIER | PHOTO; CURRENT SITUATION | PROPOSED SOLUTION | SPEC/SKETCH, IF APPLICABLE | AGREED WORK |
|---|---|---|---|---|---|
| **ACCESSIBLE PARKING APS10 & VAPS11** | | | | | |
| 170 | The slope of the accessible parking spaces and the access aisles serving them exceeds 1:46 (2.1%); measured up to 3.1%. |  | Modify the asphalt paving per the BKF design drawings to provide a slope not more than 1:48 (2.1%). | LINK  | Modify the asphalt paving per the BKF design drawings to provide a slope not more than 1:48 (2.1%).<br><br>There is a catch basin in this parking space. We can remove or relocate based on the parking calculation on Attachment A.2. |
| 171 (A) | There is not a minimum 24" of walking surface between detectable warnings. |  | 11B-705.1.2.3 Islands or cut-through medians. Detectable warnings at pedestrian islands or cut-through medians shall be 36 inches minimum in depth extending the full width of the pedestrian path or cut-through less 2 inches maximum on each side, placed at the edges of the pedestrian island or cut-through median, and shall be separated by 24 inches minimum of walking surface without detectable warnings. Exception: Detectable warnings shall be 24 inches minimum in depth at pedestrian islands or cut-through medians that are less than 96 inches in length in the direction of pedestrian travel. |  | The cut-through median is 72". Remove the existing detectable warnings extending 36" in the direction of travel and replace with detectable warnings extending 24" in the direction of travel separated by a minimum 24" of walking surface without detectable warnings. |
| **ACCESSIBLE PARKING APS12 & VAPS13** | | | | | |
| 171 (B) | There is not a minimum 24" of walking surface between detectable warnings. |  | 11B-705.1.2.3 Islands or cut-through medians. Detectable warnings at pedestrian islands or cut-through medians shall be 36 inches minimum in depth extending the full width of the pedestrian path or cut-through less 2 inches maximum on each side, placed at the edges of the pedestrian island or cut-through median, and shall be separated by 24 inches minimum of walking surface without detectable warnings. Exception: Detectable warnings shall be 24 inches minimum in depth at pedestrian islands or cut-through medians that are less than 96 inches in length in the direction of pedestrian travel. |  | The cut-through median is 72". Remove the existing detectable warnings extending 36" in the direction of travel and replace with detectable warnings extending 24" in the direction of travel separated by a minimum 24" of walking surface without detectable warnings. |

**ATTACHMENT B**

<u>**Attachment B to Consent Decree & [Proposed] Order**</u>
<u>**(Dialemi Physical Barrier Removal)**</u>
<u>*Nevarez v. City of Alameda, et al.*</u> N.D. Cal. Case No. 4:20-cv-08302-JST

1. Defendant Dialemi, Inc. ("Dialemi") agrees to complete and maintain the following work:

    a. **Men's Restroom:** Reconfigure the Men's Restroom to comply with applicable Title 24 and ADAAG guidelines. Remove one urinal and one sink to allow for a sufficient turning radius and stall area for individuals with disabilities or take down stall walls and designate this restroom as a single-user restroom. Provide preliminary architectural plans to Plaintiffs for comment before any work is undertaken. It is anticipated that a building permit from the City of Alameda will be required, and Dialemi will construct the remodeled restroom as required by the City Building Official and applicable accessibility requirements.

    b. **Women's Restroom:** Maintain work completed in this restroom, including without limitation:

        i. Lowered the geometric door sign to between 59" and 60" above the floor to the centerline of the sign;

        ii. Adjusted door closer so that pressure to open the door is no more than 5 lbs;

        iii. Replaced the privacy lock to one that does not required pinching or twisting of the wrist to operate;

        iv. Removed the wall-mounted TV;

        v. Lowered the baby changing table so the highest point of the table when in the open position is not more than 34" above the floor;

        vi. Lowered the soap dispenser so it is not more than 40" above the floor to the highest operable part;

        vii. Replaced the paper towel dispenser so it does not protrude more than 4" from the wall into a circulation path;

        viii. Relocated the rear wall grab bar as required;

        ix. Relocated or replace the toilet paper dispenser as required; and

        x. Switched the toilet flush valve to the opposite side of the tank.

    c. **Restrooms Generally (Men's and Women's):** Dialemi and Plaintiffs acknowledge that Dialemi have several options with permitting work in the Men's Restroom. Single-user restrooms must be unisex, and the plumbing code requires restrooms to be provided for each gender, so it's unclear if the building department will require both restrooms to be single-user unisex. Plaintiffs will support Dialemi in whatever configuration it wants: (a) single-user Women's and single-user Men's; (b) single-user Women's and multiple occupancy Men's; (c) single-user Women's and multiple occupancy unisex; or (d) two single-user unisex.

    d. **Main Patio:** Remove and reinstall existing pavers near the front entrance doors to Jim's on the Course to create an area with less than 2 % grade, or replace the pavers with a concrete slab in the same area with less than 2% grade to accommodate two accessible and compliant tables and a path of travel to

those tables. Dialemi will not make other changes to the Main Patio area. It will have a professional prepare a schematic drawing outlining the location, dimensions, configuration, and details of this new level landing, which will be provided to Plaintiffs for comment before any work is undertaken.

e. **Side Patio:** Dialemi will decommission the fire pit on the Side Patio so that it is no longer operational.

f. **Restaurant Interior Dining:** Maintain work completed in the interior dining space, including without limitation:

    i.   Lowered counter/bar heights;

    ii.  Created accessible, compliant tables; and

    iii. Created interior paths of travel of compliant width to/from designated accessible tables and entrances/exits.

2. Dialemi agrees to complete all work described above no later than October 1, 2023. It is Dialemi's intention to do the necessary work during the winter/slow months to minimize disruption to its business.

3. Dialemi will allow Plaintiffs, their counsel, and consultant to inspect Jim's on the Course to confirm all work complies with accessibility guidelines, within 30 days after Dialemi, or its counsel, provides Plaintiffs' counsel with notice of completion of the work, in the presence of Dialemi representatives, at a mutually agreed inspection date and time.

**[END OF DOCUMENT]**

**ATTACHMENT C**

**Attachment C to Consent Decree & [Proposed] Order**
**between Plaintiffs, City of Alameda, and Dialemi, Inc. Only**
**(Policies and Procedures)**
*Nevarez v. City of Alameda, et al.* N.D. Cal. Case No. 4:20-cv-08302-JST

Defendants City of Alameda (the "City")" and Dialemi, Inc. ("Dialemi") agree to implement and maintain the following policies and procedures:

1. **Door Accessibility**
   a. Dialemi will be responsible for door accessibility for doors at Jim's on The Course only.
   b. For all Dialemi doors that may be used by the public, Dialemi will implement a maintenance schedule to a check and adjust the following twice a year:
      i. Door Pressures: Doors will be maintained to no more than 5 lbs. of force required to open the door. Verified fire doors will be maintained to the least amount of pressure to open, not to exceed 15 lbs.
      ii. Closing Speeds: Door closers will be maintained so the closing speed of each door leaf is not less than 5 seconds.
      iii. Doors Closed Due to Inclement Weather: If any doors that are usually kept open during business hours are closed due to inclement weather, Dialemi will ensure these doors meet the door pressure and closing speed requirements noted above or will ensure staff are readily available to assist individuals with opening these doors.
   c. Dialemi will reasonably respond to complaints about specific door pressures or closing speeds and will promptly undertake to resolve such door issues.
   d. These policies will be implemented immediately (i.e., upon receipt of Plaintiffs' signatures on all settlement paperwork).

2. **Publication of availability of ParaGolfer**: Within three months of the entry the Consent Decree, the City will ensure that the availability and features of the ParaGolfer are published on its website for Corica Park.

3. **Employee Training**:
   a. By July 1, 2023, Dialemi will train its employees at Corica Park to:
      i. interact considerately with members of the public with physical disabilities; and
      ii. not interact with Plaintiffs in a retaliatory manner for initiating the pending claims or legal action.

4. **Interim Barrier Removal (to be completed by July 1, 2023)**
   a. <u>Restrooms</u>:
      i. Dialemi will install one accessible porto-potty to be located on an accessible route to serve the restaurant. Dialemi will notify Plaintiffs' counsel where it intends to place the porto-potty and will consider any reasonable suggestions from Plaintiffs. This accessible porto-potty will be

in service until barrier removal in the men's restaurant restroom, as described in Attachment B to the CDO, has been completed.

   ii.  Dialemi will:

      1) install a directional sign at existing restrooms to alert users of where the closest accessible restroom is located;

      2) install a sign at the accessible porto-potty to alert users the porto-potty is to be prioritized for physically disabled patrons; and

      3) provide an accessible porto-potty that will be serviced, maintained, and cleaned on a regularly scheduled-basis.

## **END OF DOCUMENT**

28179944.1/520744.0003